Dickler v Vespa Brooklyn (2019 NY Slip Op 02314)





Dickler v Vespa Brooklyn


2019 NY Slip Op 02314


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-12001
 (Index No. 24913/11)

[*1]Richard Dickler, appellant, 
v
Vespa Brooklyn, et al., respondents.


Elefterakis, Elefterakis & Panek, New York, NY (Jordan A. Jodré of counsel), for appellant.
Radow Law Group, P.C., Great Neck, NY (Ray Radow of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated August 24, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff alleged that on June 16, 2011, at approximately 10:30 a.m., he was traveling eastbound on the Long Island Expressway at about 40 miles per hour on his Vespa S150 scooter when the wheels and handlebars began to wobble, causing him to lose control of the scooter and fall to the ground. The plaintiff commenced this action against the defendants, Vespa Brooklyn and Hadjiminas and Company, LLC, the dealership where the plaintiff purchased the scooter and the company licensed to transact business under the name Vespa Brooklyn, respectively, to recover damages for personal injuries, alleging, among other things, that the defendants were negligent in failing to properly repair the scooter following a prior incident on June 3, 2011, where he ran over a pothole. The plaintiff alleged that the subject accident was caused by a damaged rear spring and shock absorber that the defendants failed to locate and repair following the prior incident. After joinder of issue and the filing of the note of issue, the defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that the evidence established that the subject accident was not proximately caused by any negligence on the part of the defendants. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
The evidence submitted by the defendants in support of their motion was sufficient to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint. In particular, their evidence established, prima facie, that the rear shock absorber was not in a defective or dangerous condition prior to the subject accident, and that the defendants' inspection and repair of the plaintiff's scooter following the prior incident was not negligent. In opposition, the plaintiff failed to raise a triable issue of fact sufficient to deny summary judgment (see Zuckerman v City of New York , 49 NY2d 557, 562).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court